UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.

MARY NEWELL,

     Plaintiff,

vs.

WAL-MART STORES EAST, LP, a
Foreign Limited Partnership,

     Defendant.

_____/

## WAL-MART STORES EAST, LP'S NOTICE OF REMOVAL

Defendant, WAL-MART STORES EAST, LP, ("Wal-Mart"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(1), and Rule 81(c) of the Federal Rules of Civil Procedure, removes to this Court the action filed in the 9th Judicial Circuit Court in and for Orange County, Florida, Case No. 2020-CA-003328, with full reservation of rights, exceptions and defenses, and in support thereof states:

## I.  BACKGROUND

1.    On or about March 24, 2020, Plaintiff filed her Complaint against Wal-Mart Stores East, LP, in the 9th Judicial Circuit Court in and for Orange County, Florida. *See* Pl.'s Compl. attached as Ex. "A."

2.    The Complaint was served on Wal-Mart on April 10, 2020. *See* Service of Process attached as Ex. "B."

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

3.     The Plaintiff is a resident of Orange County, Florida. *See* Customer Incident Report attached as composite Ex. "C"[1].

4.     As fully discussed in detail below, Wal-Mart is a Delaware limited partnership whose principal place of business is Bentonville, Arkansas. *See* Florida Department of State, Division of Corporations Detail by Entity Name attached as Ex. "D."

5.     Plaintiff alleges a claim for negligence against Wal-Mart as a result of injuries she allegedly sustained on February 24, 2018 while at the Wal-Mart store located at 10500 West Colonial Drive, Ocoee, Orange County, Florida 34761. *See* Ex. "A" at ¶¶ 3, 4, 8.

6.     Specifically, the Plaintiff alleges that her arm became hooked by a metal frame/rack attached to a temporary wall in the clothing department which fell over and dragged her down. *Id.* at ¶ 6.

7.     Further, Plaintiff alleges Wal-Mart breached its duties owed to her by, *inter alia,* by to maintain its premise in a reasonably safe condition by failing to use reasonable care and warn of dangerous conditions. *Id* at ¶ 7.

8.     On or about October 3, 2019, prior to filing the instant lawsuit, the Plaintiff submitted a pre-suit demand letter which indicated ***Plaintiff has incurred medical bills which total $55,055.17.***   Based on Plaintiff's alleged injuries and

---

[1] Wal-Mart attaches Plaintiff's Customer Incident Report to demonstrate that the Plaintiff is a resident of Orange County, Florida. Wal-Mart has redacted a portion of the Plaintiff's Customer Incident Report (specifically, the street number) so as to protect the Plaintiff's confidential information.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

medical bills incurred the Plaintiff offered to settle the claim for $1,000,000.00. *See* Redacted Pre-Suit Demand Letter attached as **Ex. "E."**[2]

9.      On May 14, 2020, Wal-Mart propounded its Request for Admissions to Plaintiff. *See* Ex. "F".

10.     On May 22, 2020, Plaintiff filed her Responses to Wal-Mart's Request for Admissions and admitted that she is seeking damages in excess of $75,000.00. *See* Ex. "G" at Nos. 6-7.

11.     This matter is therefore removable based on diversity of citizenship of the parties, and because the amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

12.     Venue exists in the United States District Court for the Middle District of Florida, because the 9th Judicial Circuit Court in and for Orange County is located in Ocoee, Florida, which is located within the United States District Court for the Middle District of Florida.

13.     Wal-Mart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the 9th Judicial Circuit in and for Orange County together with a docket sheet from the Clerk of the Court. *See* attached as Composite Ex. "H."

14.     Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

---

[2] Wal-Mart has not filed the entire complement of medical records, which Plaintiff submitted with her pre-suit demand letter in order to protect the Plaintiff's personal information. Should the Court wish to see these documents, Wal-Mart can provide same in accordance with the Court's direction.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

## II.  REMOVAL IS TIMELY

15.     On May 22, 2020 Plaintiff served Wal-Mart with her Response to Request for Admissions admitting that damages in this case exceed $75,000.00. *See* Ex. "G" at Nos. 6-7.

16.     Plaintiff's Responses to Wal-Mart's Request for Admissions constitute the first paper from which Wal-Mart ascertained that the instant case is removable based on diversity jurisdiction as Plaintiff admitted that the amount in controversy exceeds $75,000.00. *See Id.*

17.     28 U.S.C. § 1446(b)(3) authorizes Wal-Mart to remove the instant case within thirty days after receipt by Wal-Mart, "through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable." (emphasis added).

18.     Where the state court complaint does not apprise the Defendant of the requisites of removal, "'[l]ogic dictates that a defendant can 'first' ascertain whether a case is removable from an 'other paper' only after receipt of both the initial pleading and that 'other paper.'" Mead v. IDS Prop. Cas. Ins. Co., No. 813CV2206T24AEP, 2013 U.S. Dist. LEXIS 202791, 2013 WL 12157838, at *8, 10 (M.D. Fla. Nov. 26, 2013). (internal citations and quotation marks omitted).

19.     Responses to request for admissions constitute "other paper" under § 1446(b). *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213, n. 61 (11th Cir. 2007); *Wilson v. General Motors Corp.*, 888 F.2d 779, 782 (11th Cir. 1989); *Dukes v.*

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

*Wal-Mart, Inc.*, 2018 U.S. Dist. LEXIS 204199, at *8 (M.D. Ala. November 30, 2018); *Rowe v. Swift Transp. Co. of Arizona, LLC*, 2017 U.S. Dist. LEXIS 221679, at *3 (M.D. Fla. December 21, 2017); *Pugliese v. Tex. Roadhouse, Inc.*, 2017 U.S. Dist. LEXIS 202879, at *4 (M.D. Fla. December 11, 2017); *Murat v. Sam's East, Inc.*, 2017 U.S. Dist. LEXIS 13955, at *3 (S.D. Fla. January 23, 2017); *Garden Terrace Apts. No. 9 Ass'n v. W. Heritage Ins. Co.*, 2016 U.S. Dist. LEXIS 190994, at *5 (S.D. Fla. February 11, 2016).

20.    In accordance with 28 U.S.C. § 1446(b)(3), Wal-Mart files this Notice of Removal within thirty days of the date that it received a copy of Plaintiff's Responses to Wal-Mart's Request for Admissions (April 5, 2019), which was the paper that made it clear that removal was appropriate. *See* Ex. "F" at No. 6-7. Thus, the instant Notice of Removal is timely filed.

### III.    THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES

21.    Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States." This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

### A.    Citizenship of MARY NEWELL

22.    Plaintiff is a resident of Orange County, Florida. *See* Ex. "C." Although Plaintiff's Complaint does not state the Plaintiff's citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile,"

5

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

23.    Here, Plaintiff's Customer Incident Report, which list Plaintiff's address, indicates she is a resident of Orange County, Florida. *See* Ex. "C." Plaintiff's Orange County, Florida residence is prima facie evidence of her domicile which is equivalent to citizenship for purposes of establishing diversity in this case. *See Katz,* 2009 WL 1532129 at *3.

### B.    Citizenship of WAL-MART STORES EAST, LP

24.    At the time of the alleged incident, and currently, Wal-Mart Stores East, LP is a limited partnership, which currently is, and was at the time of the Complaint, a Delaware Limited Partnership with its principal place of business in the State of Arkansas. WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company. The sole member of Wal-Mart Stores East, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores, Inc. Wal-Mart Stores Inc., is, and was at the time of filing the Complaint, an incorporated entity under the laws of the State of Delaware. Wal-Mart Stores Inc.,

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

at the time the Complaint was filed and presently, incorporated in the State of Delaware. The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Wal-Mart Stores, Inc.) is, and was at the time of filing the Complaint, Bentonville, Arkansas. *See* Florida Department of State, Division of Corporations, Detail by Entity Name for Wal-Mart Stores East, LP, attached as Ex. "D."

## IV. AMOUNT IN CONTROVERSY

25.     The amount in controversy exceeds $75,000.00.

26.     Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $30,000.00 jurisdictional minimum, Plaintiff's Responses to Wal-Mart's Request for Admissions [*See* Ex. "F" at No. 6-7], coupled with Plaintiff's pre-suit demand letter which claimed $55,055.17 in medicals and sought $1millon for settlement [See Ex. "E."] evidences that Plaintiff's claimed damages exceed the jurisdictional minimum in this Court of $75,000.00.

27.     The well-established rule adopted by the Eleventh Circuit states that a removing party can offer its own affidavits, declarations, or other documentation to establish federal removal jurisdiction and there is no limitation on the type of evidence that a defendant could offer once it timely files a notice of removal. *See Pretka v. Kolter City Plaza, II, Inc.,* 608 F.3d 759 (11th Cir. 2010) (discussing the binding law in the Eleventh Circuit that a defendant may submit a wide range of

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

evidence in order to satisfy the jurisdictional requirements of removal) (emphasis added); *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001).

28.     Pre-suit settlement offers  "commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence" and may not be determinative of the amount in controversy. *Pugliese v. Tex. Roadhouse, Inc.*, 2017 U.S. Dist. LEXIS 202879 (M.D. Fla. Dec. 11, 2017); *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279 (S.D. Ala. 2009).

29.     And here where, the jurisdictional amount is not facially apparent on the face of Plaintiff's Complaint; the court will look to the notice of removal and any accompanying documents relevant to the amount in controversy at the time the case was removed. *Pretka,* 608 F.3d at 759; *Williams,* 269 F.3d at 1319*; see also, Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)[3] (discussing that when a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement).

30.     Moreover, Eleventh Circuit precedent permits district courts to use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements. *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010) (quoting *Pretka,* 608 F.3d at 754).

---

[3] *Abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

**HAMILTON, MILLER & BIRTHISEL** LLP

150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Furthermore, a removing defendant, is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *See Pretka,* 608 F.3d at 754. Thus, all that is required is that Wal-Mart show, by a preponderance of the evidence, that the amount in controversy in the instant case exceeds $75,000.00. *Id.* at 752.

31.     Additionally, a district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand. *See Katz*, 2009 WL 1532129 at *4 (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). Also, "a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)).

32.     Similarly, the Eleventh Circuit Court has held that ***responses to discovery***, deposition transcripts, and other documents can constitute and be considered the "***other paper***" pursuant to, and required by, 28 U.S.C. § 1446(b)(3). *See Wilson v. General Motors Corp.,* 888 F.2d 779, 780 (11th Cir. 1989) (discussing that plaintiff's response to defendant's requests for admissions was the "paper from which it [was] first ascertained that the case [was] one which is or has become removable" pursuant to 28 U.S.C. § 1446(b)(3)); *Lowery v. Alabama Power Co.*, 483 F.3d 1213, n. 61 (noting that a number of documents have been judicially recognized as such, including interrogatory responses).

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

33.     Applying this principle, the Middle District of Florida has numerous cases wherein removal was has been based on the plaintiff's admission that the amount in controversy exceeded $75,000.00. *See Pugliese*, 2017 U.S. Dist. LEXIS 202879*; Devore v. Howmedica Osteonics Corp.,* 658 F.Supp.2d 1372, 1380-81 (M.D.Fla.2009); *Morock v. Chautauqua Airlines, Inc.*, 2007 U.S. Dist. LEXIS 43133 (M.D.Fla.2007); *Lamb v. State Farm Fire Mut. Auto. Ins. Co.,* No. 2010 U.S. Dist. LEXIS 143298 (M.D. Fla. Nov. 5, 2010).

34.     In *Pugliese*, the defendant relied on the plaintiff's responses to its request for admission and pre-suit demand letter to establish the basis for removal. *Pugliese*, 2017 U.S. Dist. LEXIS 202879. The Court in this case found that the pre-suit demand letter alone wasn't determinative in and of itself of the amount and controversy, but coupled with the plaintiff's discovery responses it was demonstrated that the amount in controversy exceeded $75,000.00. *Id*. at 9-10 The *Pugliese* court relied on the well-established concept that 28 U.S.C. § 1446(b) allows for the consideration of "other paper," including discovery responses, to determine whether removal is proper. *Id at *4*.

35.     Accordingly, this Court may look to Plaintiff's discovery responses when determining that the amount in controversy exceeds $75,000.00 for purposes of removal based on diversity jurisdiction.

36.     In this case, Plaintiff's Responses to Wal-Mart's Request for Admissions, pre-suit demand letter and the allegations of the Complaint

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional threshold. *See* Ex. "A" at ¶ 1; Ex. "F" at No. 6-7, and see Ex. __.

37.     Similar to *Pugliese*, Plaintiff admits that she is seeking damages in excess of $75,000.00. *See* Ex. "G" at No. 6-7, thereby supporting the information within its pre-suit demand letter. The Court has the authority to rely on Plaintiff's admission as proof that the jurisdictional limit has been met.

38.     Based on the foregoing, Wal-Mart has established that Plaintiff's claimed damages in this case exceed $75,000.00 by Plaintiff's own admission and other documents received from the Plaintiff. Additionally, Plaintiff's Complaint, [*See* Ex. "A" at ¶ 11], claims medical expenses and past and future pain and suffering of an unknown quantity. *See Wilson,* 888 F.2d 779 at 780; *Sibilia v. Makita Corp.,* 782 F. Supp. 2d 1329, 1330–31 (M.D. Fla. 2010); *Taylor v. Tractor Supply Co.,* 2014 WL 5473558, at *1–2 (M.D. Fla. 2014); *Wilson,* 2010 LEXIS 96399, at *4. As such, removal is proper.

## V. <u>CONCLUSION</u>

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff, through her attorneys of record, and to the Clerk of the Circuit Court for the 9th Judicial Circuit in and for Orange County, Florida.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

**WHEREFORE**, Defendant, WAL-MART STORES EAST, LP, respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, Case No. 2020-CA-003328, be removed from that Court to the United States District Court for the Middle District of Florida, Orlando Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

Dated: May 29, 2020

Respectfully submitted,

*/s/ William H. Edwards*
Jerry D. Hamilton, Esq.
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
William H. Edwards, Esq.
Florida Bar No. 43766
wedwards@hamiltonmillerlaw.com
Sharhonda Robinson-Edwards, Esq.
Florida Bar No. 98755
srobinson@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
*Attorneys for Defendant, Wal-Mart Stores East, LP*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on May 29, 2020, I electronically filed the foregoing document with the Clerk of Court using the E-Filing Portal.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List by electronic mail.

*/s/ William H. Edwards*
William H. Edwards

## SERVICE LIST

*Attorneys for Plaintiff*

Shawn McCloskey
Schwed, Adams & McGinley, P.A.
7111 Fairway Drive, Suite 105
Palm Beach Gardens, Florida 33418
smccloskey@schwedlawfirm.com
eservice@schwedlawfirm.com

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690